IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARIAM SMALLS-MILLER, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| TELAMON TECHNOLOGIES ) | JURY TRIAL DEMANDED |
| CORPORATION, ) | |
| ) | COLLECTIVE CERTIFICATION |
| Defendant. ) | SOUGHT |
| ) | |
| _____ ) | |

## **COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Mariam Smalls-Miller (hereinafter "Plaintiff"), and files this lawsuit against Defendant Telamon Technologies Corporation (hereinafter "Defendant"), and shows the following:

## **I. Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant is an Indiana Corporation, having a place of business at 1000 East 116th Street, Carmel, IN, 46032. However, Defendant continuously and systematically transacts business in the state of Georgia and the unlawful employment practices described herein were committed within this judicial district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

### III. Parties

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff worked for Defendant from 7/1/2008 through 7/21/2011 as a Project Manager.

7.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

8.

Plaintiff performed non-exempt labor for Defendant within the last three years.

9.

Defendant employed the Plaintiff during the relevant time period.

10.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

11.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Defendant is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

13.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

## IV. Facts

14.

Plaintiff worked for Defendant within the past three years.

15.

During Plaintiff's employment with Defendant, Plaintiff was not paid the overtime wages and the wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

16.

Although Plaintiff was hired as an independent contractor, Defendant treated Plaintiff exactly the same way it treated its employees.

17.

Plaintiff was hired on a permanent basis, undertook training provided by Defendant, reported to a supervisor, and was told how and when to perform the job.

18.

Defendant provided Plaintiff's equipment. Plaintiff was provided with a laptop, reimbursed for cell phone calls, and paid a monthly stipend for working remotely.

19.

Plaintiff was held out to customers as an employee. Plaintiff wore Defendant's identification badge and used Defendant's signature block.

20.

Plaintiff performed the same job duties as her colleagues who were treated as employees. Thus, when Plaintiff's colleagues requested time off, Plaintiff was frequently called upon to perform their job and vice versa.

21.

Defendant was aware that Plaintiff worked more than forty (40) hours in a workweek. Defendant knew that Plaintiff essentially performed two jobs; managing projects by day and facilitating the "bridge" (conference calls) by night.

Further, Plaintiff discussed her excessive work hours with her supervisor, Ms. Juanita Berry, Vice President of Major Accounts.

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

22.

Defendant has violated FLSA §7, 29 U.S.C. §207 by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

23.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover the overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VI. Prayer for Relief

24.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment awarding Plaintiff unpaid wages pursuant to FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert

witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 7th day of September, 2011.

**BARRETT & FARAHANY, LLP**

/s/ Amanda A. Farahany
Amanda A. Farahany
Georgia Bar No. 646135
Attorney for Mariam Smalls-Miller

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile